(No. 4692- )

Delmar R. Durant and Iowa National Mutual Insurance Company, Subrogee, Claimants, vs. State of Illinois, Respondent.

*Opinion filed July 27, 1956.*

McLaughlin and Patton, Attorneys for Claimants.

Latham Castle, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Fearer, J.

Claimant filed this claim for property damage to his 1950 Chevrolet sedan as the outgrowth of an accident, which occurred on July 24, 1955 at approximately 11:25 P.M. on Illinois Route No. 78, about eight miles north of Morrison, Whiteside County, Illinois.

Claimant makes certain charges of negligence against respondent, whose Chevrolet pick-up truck was being driven by its agent, Gerald Wells.

No answer having been filed by respondent, a general traverse or denial of the facts set forth shall be considered as filed under Rule 11 of this Court.

At the hearing before the Commissioner it was stipulated and agreed between the parties, by and through their respective attorneys, that of the damages claimed to claimant's automobile, being in the amount of $180.65, the amount of $130.65 was subrogated to the Iowa National Mutual Insurance Company. However, said Insurance Company, or subrogee, was not made a party claimant. Only two witnesses testified at the trial, namely, claimant and respondent's agent. There was, however, introduced

in evidence the Departmental Report of the Division of Highways signed by Earl McK. Guy, Engineer of Claims.

The Departmental Report sets forth that Gerald Wells was an employee of respondent, being employed by the Day Labor Organization, a part of the Bureau of Maintenance, Division of Highways. Each unit had an established personnel, and was assigned a complement of cars, trucks and other equipment to conduct its work.

It was the policy of the state to permit employees in this group to visit their homes on weekends. Mr. Wells had permission from his superior to drive the Chevrolet pick-up truck from Mt. Carroll, Illinois, where he was stationed at the time, to his home at White Hall, Illinois, on Friday, July 22, and was to return to Mt. Carroll on Sunday, July 24, 1955, the date of the alleged accident.

The Report of the Division of Highways by Earl McK. Guy was filed under Rule 16 of this Court, and was received in evidence without objection.

It appears from the testimony of claimant that he was traveling in a southerly direction in the southbound traffic lane on the westerly side of the road. This was a two lane highway, which was approximately 18 feet wide. He and his wife and son were driving from Galena, Illinois to Galva, Illinois, and the accident took place on a long radius curve. He testified that just prior to the impact he was traveling sixty miles an hour, and he noticed respondent's truck, being driven by Mr. Wells, crowding the center line. He pulled his automobile to the right, and was struck by respondent's truck while it was over the dividing line for northbound and southbound traffic. The respondent's truck struck the southbound car on the left front, damaging the left front portion and

center of said car. The point of impact on respondent's truck was on the left front, and the collision caused claimant's automobile to run off of the road on the right hand side.

Gerald Wells testified that he was traveling north, that it was dark, that both cars had headlights on, that he was blinded by lights, and did not know whether or not he was completely on his side of the road.

Claimant testified that he was driving with his lights on low beam, and there were two cars preceding him, which had just passed his automobile a short distance before the accident, and he had dimmed his lights in following the other two automobiles. Mr. Wells further testified that, as claimant's car approached him, claimant was traveling on his own side of the road.

The violations of the statute set forth in the complaint were that respondent's agent negligently and carelessly failed to drive upon the right half of the roadway, contrary to Section 54 of the Uniform Act Regulating Traffic Upon Highways; failed to pass a vehicle proceeding in the opposite direction, contrary to Section 55 of the Uniform Act Regulating Traffic Upon Highways; and, further failed to grant the claimant one half of the highway.

From the testimony of claimant and respondent's agent and the Departmental Report filed in this case, it is the opinion of the Court that claimant was free from contributory negligence, and that the proximate cause of the damage to his automobile was the violation of the statute, in that respondent's agent failed to drive his automobile in the northbound traffic lane, and failed to yield one half of the highway to claimant, who was proceeding in the opposite direction.

A "paid" repair bill was admitted in evidence, indicating the damages done to claimant's automobile to be in the amount of $180.65.

It is, therefore, the finding of this Court that an award be made in accordance with the stipulation entered into at the outset of the trial, and that $130.65 be awarded to the Iowa National Mutual Insurance Company, and $50.00 be awarded to claimant, Delmar R. Durant.

It is further the Order of this Court that the complaint be amended on its face making as a party claimant the Iowa National Mutual Insurance Company, as subrogee, along with Delmar R. Durant, and that the award entered by this Court be paid accordingly.